*E-Filed 11/17/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAMES HENRY ABEL,

        Petitioner,

  v.

DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS,

        Respondent.

No. C 10-05276 RS

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner James Henry Abel, a state prisoner at Mule Creek State Prison in Ione, California, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition[1] is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II. BACKGROUND

According to the petition, after waiving his right to a jury trial, the trial court found petitioner guilty of, among other offenses, aggravated sexual assault of a child. In 1999, petitioner was sentenced to an indeterminate term of forty years to life and a total determinate sentence of

---

[1] Prior to the Court either dismissing the petition or directing respondent to answer, petitioner submitted a first amended petition, hereafter referred to as the "petition."

1    thirty-two years, to be served consecutively.  Petitioner sought and was denied relief on direct
2    appeal and collateral state review.  This federal habeas petition followed.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges: (1) ineffective assistance of counsel for failure to bring a motion to suppress evidence; (2) ineffective assistance of counsel for failure to investigate properly his defense; (3) denial of the right to jury trial on sentencing factors; and (4) ineffective assistance of appellate counsel.  Liberally construed, these claims appear to be cognizable in a federal habeas action.

### IV.  CONCLUSION

1. Counsel for petitioner shall serve a copy of this Order and the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.

2. Within ninety (90) days of receiving service of this Order, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. Petitioner shall file any traverse within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within ninety (90) days of receiving service of

this Order, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file any reply within fifteen (15) days of the date any opposition is filed.

IT IS SO ORDERED.

Dated: 11/17/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE